IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WARREN OLIVER,

     Plaintiff,

v.                                         CASE NO. 5:15-cv-153-MP-GRJ

SGT. GAFFORD, et al.,

     Defendants.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, initiated this case by filing an amended complaint pursuant to 42 U.S.C. § 1983 (ECF No. 13). Defendants Gafford and Jones, the only Defendants who have been served in this case, have filed a partial motion to dismiss for failure to state a claim.  (ECF No. 31.)  Based on the motion and Plaintiff's response, ECF No. 32, the undersigned concludes that Defendants' motion is due to be granted in part and denied in part.

Another matter that must be addressed is Plaintiff's recent address update from Tomoka C.I. to Polk C.I. This address change has resulted in the return as undeliverable of the last five orders the Court sent to Plaintiff.

The returns noted  that Plaintiff is no longer in custody.[1]  For the reasons detailed below, the undersigned will direct the Clerk to change Plaintiff's address back to his previous Tomoka C.I. address and will direct Plaintiff to file a response confirming his address.

## Plaintiff's Allegations

Plaintiff claims that on January 28, 2014, Captain Burdshaw told Plaintiff that Burdshaw was going to spray Plaintiff with chemical agents in confinement. Burdshaw allegedly said that Plaintiff should "get ready because he is going to spray the shit out of [Plaintiff]."  Plaintiff alleges that on that same day, Sergeant Gafford and Officer May came to Plaintiff's cell door and told Plaintiff to stop yelling and kicking his cell door. Plaintiff alleges that he was not yelling or kicking his door.

Plaintiff claims that Sergeant Gafford, Captain Burdshaw, Sergeant Jones, and Officer May sprayed Plaintiff with chemical agents for "no reason at all."  Sergeant Gafford told Plaintiff that they "get away with murder" and called Plaintiff a nigger.  Plaintiff alleges that Sergeant Gafford said that he was part of the KKK.

---

[1]The Florida Department of Corrections Inmate Locator evidences that Plaintiff is incarcerated at Tomoka C.I. http://www.dc.state.fl.us/activeinmates/detail.asp?Bookmark=1&From=list&SessionID=241983143.

Plaintiff claims that Sergeant Gafford and Officer May threw Plaintiff's food trays inside of his cell. According to Plaintiff, Gafford and May did the same thing to many inmates.  Plaintiff alleges that Sergeant Gafford, Sergeant Jones, Officer May, and Captain Burdshaw made Plaintiff sit in a cold cell without any clothes and threw away his "property."  He claims that he and other inmates heard Colonel Silcox direct other officers to use excessive force on Plaintiff so that Plaintiff would drop a lawsuit against Colonel Silcox's brother.

Plaintiff claims that on January 28, 2014, a "fictitious disciplinary report," was written and that the investigation officer, Jane Doe, did not give Plaintiff's witnesses a witness statement form and did not conduct an impartial investigation.  Plaintiff says that he was found guilty of the disciplinary infraction based only on the officers' statements and that he was not allowed to attend the disciplinary hearing.

Plaintiff states that he went to the nurse and told her that the officers had used excessive force on him, punched him, and kicked him in the testicles.  He claims that Nurse Davis said that "inmates [needed] to be treated in a cruel and unusual way," and that she would not treat him for his injuries.

Plaintiff claims that excessive force and killing inmates is rampant at

Washington C.I.  He states that he still experiences physical and mental pain from the officers' excessive use of force, and that he has nightmares and anxiety attacks.  Plaintiff also alleges that his eyes still hurt and his asthma is worse than before.  He also claims that Defendants were not permitted to use chemical agents on him due to his asthma but that they ignored this restriction.

Plaintiff claims that Defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment by using excessive force and exhibiting deliberate indifference to his medical needs. Further, Plaintiff claims that Defendants violated the Fourteenth Amendment's guarantee of due process with respect to their actions taken during his disciplinary hearing.  Plaintiff requests monetary damages from each Defendant in the amount of $500,000, punitive damages, and injunctive relief against the Defendants, prohibiting them from using excessive force against him and other inmates and prohibiting them from preventing him and other inmates from receiving medical care.  Plaintiff also requests the Court to order the Department to install cameras with audio capabilities in the Sally-port of confinement.  (ECF No. 13 at 8-13.)

## **Standard of Review**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must

allege that an act or omission committed by a person acting under color of
state law deprived him of a right, privilege, or immunity secured by the
Constitution or laws of the United States.  *Hale v. Tallapoosa County*, 50
F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these
requirements, or fails to provide factual allegations in support of the claims,
then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v.
Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must
be enough to raise a right to relief above the speculative level," and
complaint "must contain something more . . . than . . . a statement of facts
that merely creates a suspicion [of] a legally cognizable right of action");
*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly*
"expounded the pleading standard for all civil actions," and conclusory
allegations that "amount to nothing more than a formulaic recitation of the
elements of a constitutional . . . claim" are "not entitled to be assumed
true," and, to escape dismissal, complaint must allege facts sufficient to
move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal
construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a
court does not have "license . . . to rewrite an otherwise deficient pleading
[by a pro se litigant] in order to sustain an action."  *GJR Investments v.*

*County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998), *overruled on other grounds by Iqbal.*

## Discussion

### A.  Defendants' Motion to Dismiss

Defendants Gafford and Jones have moved to partially dismiss the Complaint for failure to state a claim.  They advance two arguments: (1) declaratory and injunctive relief are improper because Plaintiff has been transferred from Washington C.I., where Defendants were employed; and (2) Plaintiff's allegations that Defendants Gafford and May threw food trays at him are insufficient to state a constitutional claim.

Turning first to Defendants' argument that Plaintiff's request for injunctive relief should be dismissed, it is well settled that in a § 1983 action filed by a prisoner, requests for injunctive relief become moot upon the transfer of that prisoner from the facility where his cause of action arose.  *Spears v. Thigpen*, 846 F. 2d 1327, 1328 (11th Cir. 1988).

> Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred. Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects.
>
> *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir. 1985)(citing *O'Shea*

*v. Littleton*, 414 U.S. 488, 495-96 (1974)).

Plaintiff's claims against Defendants stem from an alleged use of force on January 28, 2014 at Washington C.I.  Since that date, Plaintiff has been transferred to Tomoka Correctional Institution, where he is currently incarcerated.  Plaintiff's transfer from Washington C.I. moots his claims for injunctive relief against the Defendants.  *Wahl*, 773 F.2d at 1173.

Furthermore, any claims by Plaintiff that he will be transferred back to Washington C.I. and will be subject to the same alleged violations are too speculative to warrant injunctive relief.   *See Wooden v. Bd. of Regents of the University System of Georgia*, 247 F.3d 1262, 1283 (11th Cir. 2001)(stating that when injunctive relief is at issue, "to have standing . . . a plaintiff must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.")  Accordingly, Plaintiff lacks any standing to pursue injunctive relief against the Defendants, given his transfer from Washington C.I.

Defendants further contend that Plaintiff's request for declaratory relief must also be dismissed as improper.  A declaratory judgment, like injunctive relief, must be issued only in the case of an "actual controversy." 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal

relations of any interested party seeking such declaration, whether or not fruther relief is or could be sought.") This requirement parallels the "case and controversy" requirement for standing.  As discussed above, this case concerns Defendants' past conduct in January of 2014, which does not concern a present controversy, given Plaintiff's transfer.  Any future possibility that Plaintiff may be transferred back to Washington C.I. is remote and too speculative in nature to constitute a present controversy. Plaintiff's request for a declaratory judgment, therefore, should be dismissed for failing to present an "actual controversy," as Plaintiff is currently housed in a different facility where Defendants are employed.

Furthermore, Defendants argue that Plaintiff's request for the Court to have cameras installed are beyond the authority of this Court.  The Court agrees. The Court does not have the authority to order the Department to install cameras in their facilities.  The Prisoner Litigation Reform Act provides that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of the particular plaintiff."  18 U.S.C. § 3626(a)(1)(A).  Ordering an institution to install cameras is outside that scope of relief.  *See, e.g.*, *Barrington v. New York*, 806 F. Supp. 2d 730 (S.D.N.Y. 2011)(prisoner's request for institution to install security cameras

was denied as beyond the scope of relief permitted by the PLRA).

Plaintiff's request for an order directing cameras to be installed in

confinement is, therefore, due to be dismissed.

Defendants last argument is that Plaintiff's claim that Sergeant

Gafford and Officer May threw his food trays into the cell fails to state a

constitutional claim.  Defendants aver that Plaintiff's allegations do not

evidence that he was deprived of food, but only that he did not appreciate

its delivery method.

While Plaintiff does not allege that he was deprived of food, it does

not automatically follow that his allegations regarding the food trays fail to

state any constitutional claim.  Plaintiff's allegations are as follows:

"[Sergeant] Gafford and Officer May were throwing my food trays inside of

my cell on [January 28, 2014].  They have done this to many inmates.

Many inmates have complained to higher officials and nothing has been

done about it."   It does not appear that Plaintiff is necessarily alleging food

deprivation; instead, taken in context of Plaintiff's overall allegations of

excessive force and assessing the allegations in the light most favorable to

Plaintiff, the claim that officials are throwing food trays at him may be

liberally construed as an excessive use of force.  Thus, this claim against

Sergeant Gafford and Officer May cannot be dismissed at this point for

failure to state a constitutional claim.

## B.  Failure to Prosecute

Plaintiff's last appearance in this case was a motion for default judgment, which was provided to correctional officials at Tomoka C.I. for mailing on March 11, 2016.  (ECF No. 34.)  Nearly two weeks before, Plaintiff filed a notice of a change of address, stating that he was now incarcerated at Polk Correctional Institution.  (ECF No. 33.)  Since this change of address, all of the orders sent to Plaintiff have been returned as undeliverable with the notation that Plaintiff is "not in custody" and that Polk C.I. is unable to forward his mail.  (ECF Nos. 42, 44, 45, 46, 50.)  This has resulted in Plaintiff missing several deadlines imposed by the Court, including directions to provide additional information as to Defendant Nurse Davis and instructions to show cause for his failure to keep his address current.

Plaintiff's decision to update his address to Polk Correctional Institution is confusing.  The Florida Department of Corrections Inmate Locator shows that Plaintiff is currently incarcerated at Tomoka C.I.  The filing submitted by Plaintiff nearly two weeks after his submitted change in address shows that he provided it to correctional officials at Tomoka C.I. All orders sent to Polk Correctional Institution note that Plaintiff is not

incarcerated there.  Nevertheless, if the Court cannot deliver legal mail to Plaintiff, this case will stagnate.

In an attempt to reach Plaintiff and to inform him of the pending deadlines in this case, the Clerk is directed to update his address of record to the previous Tomoka Correctional Institution address: Warren Oliver, DC #781409, Tomoka Correctional Institution, 3950 Tiger Bay Road, Daytona Beach, FL 32124.  The Clerk is directed to send Plaintiff the orders that were returned undelivered, ECF Nos. 35, 36, 38, 40, 43, and this order.

Upon receiving this order, Plaintiff will have **thirty (30) days** to file a response including the following information.  Plaintiff should provide additional identifying information regarding Defendant Nurse Davis, as directed in the prior order ECF No. 35.  Plaintiff is further directed to provide an address for Defendants Burdshaw and May, as service at the address provided by the Department was unsuccessful.  (ECF Nos. 48, 49.)  Plaintiff must also verify his current address so the Court can send him orders pertaining to this case.  This response should be provided **on or before June 3, 2016**.  Plaintiff's failure to provide a response by this date or file a motion for extension of time will result in a recommendation that this case be dismissed for failure to prosecute without further notice.

## Recommendation and Order

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss should be **GRANTED** with respect to Plaintiff's request for injunctive and declaratory relief and **DENIED** in all other respects.

Additionally, it is **ORDERED** that the **Clerk** update Plaintiff's address of record to Warren Oliver, DC #781409, Tomoka Correctional Institution, 3950 Tiger Bay Road, Daytona Beach, FL 32124.  The **Clerk** is directed to send Plaintiff the orders that were returned undelivered, ECF Nos. 35, 36, 38, 40, 43, and this order at the Tomoka Correctional Institution Address.

Plaintiff shall have **thirty (30) days** to file a response including additional identifying information for Defendant Nurse Davis, an address for Defendants Burdshaw and May, and Plaintiff's correct, current address. The deadline for filing this response is **June 3, 2016**.  If needed, Plaintiff may file a motion requesting additional time to prepare his response. Failure to file a response by this date will result in a recommendation that this case be dismissed for failure to prosecute.

**IN CHAMBERS**  this 9th day of May 2016.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.