IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WARREN OLIVER,

    Plaintiff,

v.                                    CASE NO. 5:15-cv-153-WTH-GRJ

SGT. GAFFORD, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner presently incarcerated at Tomoka Correctional Institution, initiated this case by filing an amended complaint pursuant to 42 U.S.C. § 1983 (ECF No. 13). Presently pending before the Court is Defendant Christy Davis' Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 102.) Plaintiff responded, ECF No. 109, and the motion is, therefore, ripe for review.

### I. Plaintiff's Allegations

Plaintiff's claims against Defendant Davis stem from an incident at Washington Correctional Institution ("Washington C.I.") on January 28, 2014. Plaintiff alleges that other Defendants used excessive force on

him—that Defendants punched and kicked him and that they used chemical agents on him despite knowing of Plaintiff's asthma. As a result, Plaintiff went to see Defendant Davis, a nurse at Washington C.I. Plaintiff states that when Defendant Davis saw Plaintiff, she said "inmates need[] to be treated in a cruel and unusual way." Additionally, Plaintiff says that Defendant Davis did not provide *any* treatment to Plaintiff for his injuries. Plaintiff also asserts that he continues to suffer from physical and mental pain. (ECF No. 13.)

## II.  Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts

that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 566 U.S. 662, 680–86 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true"; further, to escape dismissal the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. To establish an Eighth Amendment violation stemming from the deprivation of medical attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with

attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A claim that a prisoner has been deprived of medical attention requires that the prisoner demonstrate (1) "an objectively serious medical need" so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause . . . ." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example

of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle*, 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'") (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ( "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.").

### III. Discussion

Defendant Davis requests the Court to dismiss Plaintiff's claims against her because Plaintiff fails to state a claim for deliberate indifference. Defendant Davis also alleges that Plaintiff was untruthful in

disclosing prior cases, which she argues should also lead to dismissal of Plaintiff's complaint.

**A. Plaintiff's claims against Defendant Davis constitute a plausible claim for deliberate indifference in violation of the Eighth Amendment, and thus Plaintiff's motion to dismiss these claims is due to be denied.**

Plaintiff has alleged that Defendant Davis was deliberately indifferent to his medical needs. Specifically, Plaintiff claims that Defendant Davis failed to provide Plaintiff *any* treatment for his injuries following the alleged excessive force incident with the other Defendants. Plaintiff states that he still suffers from physical and mental pain and that he has nightmares, anxiety attacks, problems sleeping, and paranoia. Plaintiff also states that his eyes still hurt and that his asthma is worse than before the incident.[1] (ECF No. 13 at 8–11.)

Defendant Davis argues that the Court should dismiss Plaintiff's claim of deliberate indifference because Plaintiff has failed to allege a serious medical need. (ECF No. 102 at 6–7.) She states, "not only does [Plaintiff] fail to identify a serious medical need, he fails to identify any

---

[1] In Plaintiff's response to Defendant's motion to dismiss, Plaintiff further asserted, "Nurse Davis did not give Plaintiff any type of medication for his injuries. Plaintiff's thumb was swollen and he had trouble breathing, and Nurse Davis would not give him breathing treatment." (ECF No. 109 at 2.)

condition for which Davis was required to provide care." (*Id.* at 7.) (emphasis omitted). Without addressing the merits of Plaintiff's claim,[2] the Court disagrees and instead finds that Plaintiff has stated a plausible claim for deliberate indifference.

Although Plaintiff's complaint is not very specific with regard to the facts surrounding his allegations of a serious medical need, Plaintiff states that he suffered from "injuries" and continues to suffer from "physical and mental pain," including asthma. Plaintiff does not allege that he did not receive the treatment that he desired for those "injuries" but rather that Defendant Davis did not provide him with *any* treatment. Accepting these allegations as true, the Court finds that Plaintiff has "state[d] a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), for deliberate indifference because Plaintiff alleges that he presented to Defendant Davis with injuries and that Defendant Davis did not provide him any treatment for those injuries.

---

[2] The other Defendants in this case have filed a motion for summary judgment and have attached medical records from this incident. (ECF No. 118.) Although those records may demonstrate that Plaintiff does not have a meritorious claim for deliberate indifference, that is appropriately addressed on a motion for summary judgment, not a motion to dismiss. The fact that a court considers a claim to be plausible does not necessarily mean that it is meritorious.

## B.  Despite Plaintiff's failure to disclose all of his previous cases in his complaint, the Court finds dismissal on this ground to be inappropriate as Plaintiff alleges that he could not remember the additional cases and that prison officials discarded his legal work.

Defendant Davis also argues that Plaintiff's complaint should be dismissed because he failed to truthfully disclose his previous lawsuits. Defendant cites *Oliver v. Gafford*, No. 5-15-cv-00016-WS-CJK, in which the Court dismissed Plaintiff's complaint for his failure to disclose some of his previous cases, specifically a number of federal cases. Defendant Davis argues that here Plaintiff "flips the card" by claiming not to remember state court cases.

While it is true that a plaintiff's failure to truthfully disclose previous lawsuits may warrant dismissal and that "[u]nder 28 U.S.C. § 1915, '[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal,' *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 225–26 (11th Cir. 2011) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)), the Court finds that Plaintiff's failure to disclose two previous state court lawsuits does not rise to the level of untruthful conduct or bad faith litigiousness that warrants dismissal

because Plaintiff stated that he did not remember the other cases[3] and because Plaintiff asserts that he no longer had access to his legal paperwork that contained that information.[4] Accordingly, the Court finds that Plaintiff's complaint should not be dismissed for his failure to disclose previous lawsuits.

## IV. Recommendation

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant Christy Davis' Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 102, should be **DENIED**.

**IN CHAMBERS** this 16th day of March 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[3] Notably, the complaint form for state prisoners includes the following instruction: "If you are unsure of any prior cases you have filed, that fact must be disclosed as well." Unlike the case cited by Defendant Davis where Plaintiff's complaint was dismissed for his failure to disclose, Plaintiff indicated that there were other cases but that he did not remember them. Further, Defendant Davis does not allege that Plaintiff failed to disclose federal cases in the same way that he did in the case that was dismissed.

[4] Attached to Plaintiff's response to Defendant Davis's motion to dismiss is an affidavit from Plaintiff and an affidavit from David Horne, an inmate housed with Plaintiff, which both state that Plaintiff's property, including legal paperwork, was removed and either given away to other inmates or thrown in the trash by officers. (ECF No. 109 at 6–8.)

*Case No: 5:15-cv-153-WTH-GRJ*

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**