IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WARREN OLIVER,

     Plaintiff,

v.                                   CASE NO. 5:15-cv-153-WTH-GRJ

SGT. GAFFORD, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is ECF No. 164, Defendant Christy Davis'
Motion for Summary Judgment. Plaintiff has filed ECF No. 175, a response
in opposition, and Defendant has filed ECF No. 182, a reply memorandum.
The motion is, therefore, ripe for review. For the reasons discussed below,
the undersigned recommends that Defendant's motion for summary
judgment be granted.

## I. INTRODUCTION

Plaintiff, an inmate in the custody of the Florida Department of
Corrections ("FDOC"), has filed a *pro se* complaint under 42 U.S.C. §
1983, (ECF No. 13 ("Compl.")), against Christy Davis, an advanced
registered nurse practitioner, (ARNP Davis") who provided medical care to

Plaintiff after a use of force incident that occurred at Washington

Correctional Institution ("Washington C.I.") while Plaintiff was incarcerated

there. Plaintiff argues that ARNP Davis violated his Eighth Amendment

rights by refusing to provide treatment for Plaintiff's injuries following an

alleged use of excessive force by correctional officers on January 28,

2014. (*Id.*)

ARNP Davis requests summary judgment in her favor arguing that

(1) Plaintiff failed to prove that she was deliberately indifferent to a serious

medical need and (2) Plaintiff failed to exhaust his administrative remedies

as required by the Prison Litigation Reform Act ("PLRA"). (ECF No. 164.)

In support of her motion for summary judgment, ARNP Davis submitted

Plaintiff's medical records and Plaintiff's inmate grievances. (ECF No. 163-

1–163-2.)

Plaintiff thereafter filed his response in opposition to Defendant's

motion for summary judgment. (ECF No. 175.) In support of his response

to the motion for summary judgment, (ECF No. 175), Plaintiff included his

own sworn affidavits (*Id.* at 5–9, 10), Defendant's responses to

interrogatories (*Id.* at 11–16), the MINS incident report and related

documents regarding the alleged use of excessive force by correctional

officers (*Id.* at 17–22), copies of unidentified FDOC procedures (*Id.* at 23–26), Plaintiff's medical records (*Id.* at 27–53, 55–65), and Plaintiff's inmate grievances and responses (*Id.* at 66–80).

## II. EVIDENCE

The evidence of record discloses the following material details, which the Court has interpreted in favor of the non-moving party as the Court must.

On January 28, 2014, while incarcerated at Washington C.I., Plaintiff was involved in an altercation with correctional officers, which led to his interactions with ARNP Davis(Compl.). Plaintiff's version of events differs from the version provided by ARNP Davis.

According to Plaintiff, correctional officers used excessive force against him by spraying him with chemical agents and physically assaulting him on January 28, 2014. After correctional officers allegedly used excessive force on him, Plaintiff complained to ARNP Davis of an injured thumb, eye pain, and asthma. ARNP Davis had been asked to examine Plaintiff at the request of correctional officers. Plaintiff says that in response to his complaints ARNP Davis said that "inmates need to be

treated in a cruel and unusual way." According to Plaintiff, ARNP Davis did

not provide Plaintiff any treatment for his injuries, despite the fact that

Plaintiff asked for a breathing treatment and requested something for his

thumb and eyes. (Compl.; ECF No. 175 at 1–2, 5, 7.)[1]

ARNP Davis' version of events is markedly different. She avers that

on January 28, 2014, at 9:00 AM at the request of correctional officers, she

examined Plaintiff. Plaintiff's only complaint at the time was pain and

swelling to his right thumb. Plaintiff told her that his injury took place on

January 26, 2014, a few days before this examination. ARNP Davis noted

during the examination that although Plaintiff had mild swelling to his right

thumb, he also had full range of motion and no deformity to the thumb.

Based on the examination, ARNP Davis determined that no treatment was

necessary at the time. (ECF No. 164 at 2; ECF No. 163-1 at 1–2.)

Later that day, at approximately 3:16 PM, Plaintiff was involved in an

altercation with correctional officers that resulted in the use of chemical

agents on Plaintiff. Another nurse, Nurse Lucas, conducted a post-use-of-

force exam at approximately 3:40 PM. Nurse Lucas obtained Plaintiff's vital

signs and determined that Plaintiff's lung sounds were clear. Further, she

---

[1] This evidence consists solely of Plaintiff's statements in his complaint, response to Defendant's motion for summary judgment, and his own sworn affidavits.

noted no other injuries and found that no treatment was necessary. She also told Plaintiff to follow up with a sick-call request if needed, but there is no evidence that Plaintiff submitted any sick-call request regarding any injuries from this incident. ARNP Davis' only connection to the examination by Nurse Lucas is that she signed off on the report after reviewing the report the next day, January 29, 2014. (ECF No. 164 at 2; ECF No. 163-1 at 3.)

## III. SUMMARY JUDGEMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F.2d 1328, 1330 (11th Cir. 1988).

As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this

score, the burden of production shifts to the non-moving party who must

then come forward with "sufficient evidence of every element that he or she

must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987).

The non-moving party may not simply rest on the pleadings, but must use

affidavits, depositions, answers to interrogatories, or other admissible

evidence to demonstrate that a material fact issue remains to be tried. *See*

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v.*

*Goldome Credit Corp.*, 408 F.3d 773, 785–86 (11th Cir. 2005).

> In civil actions filed by inmates, federal courts must distinguish
> between evidence of disputed facts and disputed matters of
> professional judgment. In respect to the latter, our inferences
> must accord deference to the views of prison authorities. Unless
> a prisoner can point to sufficient evidence regarding such issues
> of judgment to allow him to prevail on the merits, he cannot
> prevail at the summary judgement stage.

*Beard v. Banks,* 548 U.S. 521, 530 (2006). Conclusory allegations based

on subjective beliefs are insufficient to create a genuine issue of material

fact. *See, e.g., Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d

1275, 1279 (11th Cir. 2001).

The Court must view the evidence and inferences drawn from the

underlying facts in the light most favorable to the non-movant. *Earley v.*

*Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). But, "when

opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013) (internal quotations and citations omitted); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) (stating that to defeat summary judgment "there must be evidence on which the jury could reasonably find for the plaintiff"). "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Brown v. City of Clewiston,* 848 F.2d 1534, 1540 n. 12 (11th Cir.1988) ("The summary judgment standard requires that we resolve all reasonable doubts in favor of the non-moving party, but it does not require us to resolve all doubts in such a manner.").

## IV. DISCUSSION

Plaintiff alleges that Defendant was deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. (Compl.) ARNP Davis contends that Plaintiff failed to exhaust his administrative remedies regarding his claim against her and therefore Plaintiff's claim is barred by the PLRA. ARNP Davis further argues that she was not deliberately

indifferent to a serious medical need because Plaintiff did not have a

serious medical need and because she treated him based on the injuries

she observed during the examination.  (ECF No. 164.)

### A.    The PLRA bars Plaintiff's claim against ARNP Davis because Plaintiff failed to exhaust his administrative remedies.

ARNP Davis argues that Plaintiff's claim is barred because Plaintiff

failed to exhaust his administrative remedies, as required by the PLRA.

(ECF No. 164 at 8–11.) Because Plaintiff failed to exhaust his

administrative remedies with regard to his claim against ARNP Davis, she

is entitled to summary judgment with respect to those claims.

Under § 1997e(a) of the PLRA, "[n]o action shall be brought with

respect to prison conditions under section 1983 of this title, or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted."

*See* 42 U.S.C. § 1997e(a); *see also Chandler v. Crosby*, 379 F.3d 1278,

1286 (11th Cir. 2004). Exhaustion is mandatory under the PLRA, and

unexhausted claims are not permitted. *Jones v. Bock*, 549 U.S. 199, 211

(2002). The requirement to exhaust "applies to all inmate suits about prison

life, whether they involve general circumstances or particular episodes, and

whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions. "This requirement is a 'pre-condition to suit' that must be enforced even if the available administrative remedies are 'futile or inadequate.'" *Logue v. Pearson,* No. CV410-240, 2011 WL 2457501, at *1 (S.D. Ga. June 16, 2011) (citing *Harris v. Garner,* 190 F.3d 1279, 1285–86 (11th Cir. 2005))*.* Exhaustion is mandatory under the PLRA, and unexhausted claims are not permitted. *Jones v. Bock,* 549 U.S. 199, 211 (2002)*.*

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*,

286 F.3d 1022, 1024–25 (7th Cir. 2002)).

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich*, 530 F.3d 1368, 1374, 1376 (11th Cir. 2008.)  Accordingly, "[a] district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record." *Singleton v. Dep't of Corr.*, 323 F. App'x 783, 785 (11th Cir. 2009).

"Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'" *Bryant*, 530 F.3d at 1374–75 (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368–69 (9th Cir. 1988)).[2] Deciding a motion to dismiss for failure to

---

[2] Defendant stated the following as a footnote in her motion for summary judgment: "The undersigned knows this Court expects this argument to be brought at the dismissal stage. However, [Defendant] is entirely reliant on the Florida Department of Corrections to provide grievance records, and those records were only recently received." (ECF No. 164 at 8.)

exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, take plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082; *Whatley v. Warden*, 802 F.3d 1205, 1211–12 (11th Cir. 2015) (at first *Turner* step, district court must accept plaintiff's facts as true "and make the exhaustion determination on [plaintiff's] view of facts;" appellate review of results of first step is *de novo*). If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082; *Whatley*, 802 F.3d at 1213 (defendants' contention that plaintiff's exhibits were fabricated created a factual dispute that required explicit findings under the second *Turner* step; such findings are subject to review on appeal for clear error).[3]

---

[3] In *Whatley*, the Eleventh Circuit reversed the dismissal of a complaint for failure to exhaust because the record did not reflect whether the district court dismissed the case on the first or second step of *Turner*, and thus, the Court could not evaluate

Applying the requisite two-step *Turner* analysis here, the factual allegations regarding Plaintiff's grievances in Defendant's motion for summary judgment conflict with Plaintiff's response. While Plaintiff does not say he exhausted his claims against ARNP Davis, he says that he attached to his response "his administrative remedies that defendants did not answer his grievances." (ECF No. 175 at 2.) Plaintiff also attached an affidavit to his response that says, "I had submitted grievances on the issue, but for some reason I did not receive the grievances back[] that I had submitted." (ECF No. 175 at 5.) Although Plaintiff does not explicitly say he exhausted his grievances, the Court liberally construes Plaintiff's statement as a statment that he did file grievances regarding ARNP Davis but that these grievances were not answered.

Turning to step two of the *Turner* analysis, the Court must make specific factual findings regarding the factual disputes. Although Plaintiff says he filed grievances regarding ARNP Davis, the Court finds that Plaintiff did not properly exhaust his administrative remedies against ARNP Davis.

---

whether the district court's conclusions should be reviewed under the *de novo* standard of the first *Turner* step or the "clear error" standard of the second *Turner* step. 802 F.3d at 1213.

ARNP Davis met her burden of proving that Plaintiff failed to exhaust his available administrative remedies. According to ARNP Davis, Plaintiff never filed any grievance naming her or any grievances regarding the treatment she provided him. Additionally, because Plaintiff filed other grievances regarding the underlying incident with the correctional officers, there is no dispute that the grievance process was available. (ECF No. 164 at 11.)

The evidence of record supports ARNP Davis' position. None of the grievances Plaintiff or ARNP Davis filed relate to ARNP Davis or to any medical treatment Plaintiff received (or did not receive) as a result of the alleged excessive force incident and physical assault in this case.  And the grievance process clearly was available because the record shows that Plaintiff filed grievances regarding the underlying conduct by the correctional officers. Because the record without dispute establishes that Plaintiff did not file any grievances related to his claim against ARNP Davis despite the availability of the process, Plaintiff has failed to exhaust his administrative remedies for his claim against ARNP Davis.

In discussing what would excuse a prisoner's failure to exhaust, the Eleventh Circuit has stated that "it is possible for retaliation or the threat of

retaliation to make administrative remedies unavailable to an inmate."
*Turner v. Burnside*, 541 F.3d 1077, 1084 (11th Cir. 2008). Plaintiff, however, does not claim that retaliation or threatened retaliation prevented him from properly exhausting prior to filing suit. Plaintiff's conclusory allegation, without any supporting evidence that he did not receive his grievances back or that they were not answered, does not constitute a threat of retaliation.

Further, to the extent that Plaintiff argues that administrative remedies were generally unavailable to him due to this failure to receive grievances back that he submitted, his argument is without merit. This argument is undermined by the fact that Plaintiff successfully submitted grievances during the relevant time period regarding the underlying incident, although the grievances did not relate to his medical treatment or ARNP Davis in any way. (*See, e.g.*, ECF No. 163-2 at 24, 38, 50, 58.) Notably, Plaintiff even submitted a grievance in which he says he submitted grievances regarding an infraction for misuse of state property that he never received back. (ECF No. 175 at 67.) Yet Plaintiff submitted no similar grievance alleging that he failed to receive back grievances regarding ARNP Davis or his medical treatment. Plaintiff has not

established that administrative remedies were unavailable to him. *See West*, 589 F. App'x at 926 n.4 ("As to [plaintiff's] assertions that prison officials obstructed his efforts to exhaust his administrative remedies, given the multiple grievances filed by [plaintiff] with both the regional director and the General Counsel, the record does not support such a conclusion.").

Accordingly, the Court has no difficulty concluding that Plaintiff failed to exhaust his claim against ARNP Davis. Plaintiff's claim against Defendant, therefore, is due to be dismissed as barred under the PLRA for failure to exhaust.

### B. Even if Plaintiff had exhausted his claim against ARNP Davis she would be entitled to summary judgment on Plaintiff's deliberate indifference claim.

ARNP Davis next argues that even if Plaintiff was not barred by the PLRA from pursuing his claim against her for failure to exhaust, Plaintiff has failed to establish that she was deliberately indifferent to Plainitff's serious medical need. (ECF No. 164 at 5–8.) Because Plaintiff has failed to show that he had a serious medical need and because ARNP Davis examined Plaintiff and determined that no treatment was necessary, the Court finds that ARNP Davis is entitled to summary judgment on Plaintiff's

deliberate indifference claim.

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. To establish an Eighth Amendment violation stemming from the deprivation of medical attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).

A claim that a prisoner has been deprived of medical attention requires that the prisoner demonstrate "an objectively serious medical need," which is one that is (1) so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause . . . ."

*Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Further, a prisoner must demonstrate a "subjective intent to punish," by showing an attitude of "deliberate indifference," which requires showing an "aware[ness] of facts from which the inference could be drawn that a substantial risk of harm exists [ ] and . . . draw[ing of] the inference." *Taylor*, 221 F.3d at 1258 (alteration in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In other words, a prisoner must prove four things: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." *Id.*

Plaintiff's claim fails first because he has not demonstrated he had a serious medical need. The Eleventh Circuit has defined a serious medical need as (1) "one that has been diagnosed by a physician as mandating or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," or (2) one where " a delay in treating the need worsens the condition." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009) (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187–88 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). Regardless, "the medical need must be

one that, if left unattended, poses a substantial risk of serious harm."

*Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).

Plaintiff's injury fails to constitute a serious medical need. When ARNP Davis examined Plaintiff, Plaintiff complained of pain and swelling to the right thumb. On examination, ARNP Davis found that Plaintiff had mild swelling in his thumb, but he had full range of motion in his thumb and there was no deformity. ARNP Davis also found that Plaintiff had no other injuries at the time. Based on her examination, ARNP Davis determined that no treatment was necessary. (ECF No. 163-1 at 1–2.)

ARNP Davis' reports of the examination are consistent with the other findings in the record. For example, the day before ARNP Davis examined Plaintiff he was examined by Nurse Bowen. Nurse Bowen noted that Plaintiff complained of soreness in the groin area and pain and swelling to the right thumb. Nurse Bowen found that Plaintiff had no injuries, including no swelling or deformity to the right thumb. She also determined that no treatment was necessary. (ECF No. 175 at 52.)

Several hours after ARNP Davis examined Plaintiff, Nurse Lucas performed a post-use-of-force exam on Plaintiff regarding the use of chemical agents. Nurse Lucas also found that Plaintiff had no injuries and

that no treatment was necessary, even after Plaintiff had been sprayed

with chemical agents. ARNP Davis signed off on this post-use-of-force

exam report, but she did not exam him at that time. (ECF No. 163-1 at

3–4.)

Those medical records demonstrate that Plaintiff did not have a

serious medical need when he was seen by ARNP Davis nor did he have a

serious medical need hours later when he was examined by a different

nurse, who also found that Plaintiff's only injury was slight swelling in the

right thumb and that Plaintiff has full range of motion and no other

deformity in the thumb. *See, e.g.*, Wesson *v. Oglesby*, 910 F.2d 278, 284

(5th Cir. 1990) (finding that "swollen wrists with some bleeding" did not

constitute a serious medical need); *Dickinson v. Colman*, 569 F.2d 1310,

1311 (5th Cir. 1978) (finding no serious medical need where plaintiff had a

full range of motion in his shoulder despite complaints of pain); *Blackshear

v. Bailey*, No. 3:08-cv-927-J-34JRK, 2010 WL 934002, at *6, *8 (M.D. Fla.

Mar. 10, 200) (finding that "facial swelling, a reddened eye, a cut inside . . .

mouth, abrasions on . . . wrists and bodily pain and bruising" failed to show

a serious medical need).

The other medical records that Plaintiff attached to his response

further evidence that Plaintiff did not have a serious medical need. These records, which are unrelated to ARNP Davis or the underlying incident, show that Plaintiff did not seek any additional treatment after the incident for his thumb, eyes, or asthma, other than a complaint about eye discmfort from allergies and difficulty breathing ten months after the alleged incident. (ECF No. 175 at 55–57, 60–61.)  The evidence of record therefore establishes that Plaintiff did not have an injury that if left unattended, posed a substantial risk of serious harm. *See Taylor*, 221 F.3d at 1258.

Because Plaintiff has not established that he suffered from a serious medical need, he cannot show that Defendant was deliberately indifferent to a serious medical need.

Alternatively, even assuming Plaintiff's alleges problems with his thumb, eye and asthma were sufficient to constitute a serious medical need, Plaintiff has failed to establish that ARNP Davis' response was so inadequate as to constitute deliberate indifference. Although Plaintiff claims ARNP Davis refused to treat him the medical records dislcose that ARNP examined Plaintiff and determined that no treatment was necessary. The examination and finding that no treatment was necessary, although potentially different from the treatment Plaintiff wanted, does not evidence conduct that was deliberately indifferent to a medical need.

Accordingly, the Court finds that based on the evidence submitted,

Plaintiff has failed to show that ARNP Davis was deliberately indifferent to

any serious medical need. ARNP Davis is, therefore, entitled to summary

judgment in her favor as to Plaintiff's Eighth Amendment claim of

deliberate indifference.

## V. RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that

Defendant Christy Davis' Motion for Summary Judgment, ECF No. 164,

should be **GRANTED** and Defendant Christy Davis dismissed as a party in

this case.

**IN CHAMBERS**  this 9th day of January 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**